# United States Court of Appeals for the Second Circuit

August Term 2022
Submitted: December 13, 2022
Decided: January 27, 2023

No. 21-6208

WAYNE PATRICK DEBIQUE,
*Petitioner*,

v.

MERRICK B. GARLAND,
United States Attorney General
*Respondent*.

On Petition for Review of an Order of
the Board of Immigration Appeals

Before:   SACK, PARKER, and PARK, *Circuit Judges*.

Petitioner Wayne Patrick Debique seeks review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from an order of an Immigration Judge ("IJ") finding him removable under the Immigration and Nationality Act ("INA").   The IJ and BIA concluded that Debique is removable because his prior conviction for sexual abuse in the second degree under N.Y. Penal Law § 130.60(2)

is both (1) "sexual abuse of a minor," 8 U.S.C. § 1101(a)(43)(A), which is an "aggravated felony" under 8 U.S.C. § 1227(a)(2)(A)(iii); and (2) "a crime of child abuse, child neglect, or child abandonment" under 8 U.S.C. § 1227(a)(2)(E)(i).

We dismiss Debique's petition in part and deny it in part. First, a conviction under N.Y. Penal Law § 130.60(2) constitutes "sexual abuse of a minor." *See Rodriguez v. Barr*, 975 F.3d 188 (2d Cir. 2020) (per curiam); *Acevedo v. Barr*, 943 F.3d 619 (2d Cir. 2019). "Sexual abuse of a minor" is defined as an "aggravated felony" under the INA, and we lack jurisdiction to review a final order of removal against an alien who committed an "aggravated felony." *See* 8 U.S.C. § 1252(a)(2)(C). We therefore dismiss Debique's petition in part. Second, Debique has abandoned any arguments as to whether N.Y. Penal Law § 130.60(2) constitutes a "crime of child abuse," so we decline to reach the issue and deny this aspect of the petition. Debique's petition is thus **DISMISSED** in part and **DENIED** in part.

Judge Park concurs in a separate opinion.

———————

Abadir Jama Barre, Barre Law, LLC, New York, NY, *for Petitioner*.

Brian Boynton, Acting Assistant Attorney General; Jennifer J. Keeney, Assistant Director, Criminal Immigration Team, Office of Immigration Litigation; Rebekah Nahas, Senior Litigation Counsel, Criminal Immigration Team, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, *for Respondent*.

———————

PER CURIAM:

Petitioner Wayne Patrick Debique seeks review of a March 26, 2021 decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from the October 29, 2020 order of an Immigration Judge ("IJ") finding him removable under Sections 237(a)(2)(A)(iii) and 237(a)(2)(E)(i) of the Immigration and Nationality Act ("INA"),[1] denying his application for cancellation of removal under section 240A(a)(3) of the INA,[2] and ordering him removed. *In re Debique*, No. A099-985-678 (B.I.A. Mar. 26, 2021), *aff'g* No. A099-985-678 (Immigr. Ct. N.Y.C. Oct. 29, 2020). In his petition for review, Debique argues that the BIA and IJ erred because Debique's New York state conviction for second-degree sexual abuse under N.Y. Penal Law § 130.60(2) is not "an aggravated felony" under 8 U.S.C. § 1227(a)(2)(A)(iii) or "a crime of child abuse, child neglect, or child abandonment" under 8 U.S.C. § 1227(a)(2)(E)(i). Debique also seeks cancellation of removal under 8 U.S.C. § 1229b(a).

Consistent with our decisions in *Rodriguez v. Barr*, 975 F.3d 188 (2d Cir. 2020) (per curiam), and *Acevedo v. Barr*, 943 F.3d 619 (2d Cir. 2019), we conclude that a conviction under N.Y. Penal Law § 130.60(2) is "sexual abuse of a minor." "Sexual abuse of a minor" is defined as an "aggravated felony" under the INA, and we lack jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed" an aggravated felony. 8 U.S.C. § 1252(a)(2)(C). We therefore dismiss Debique's petition in part.

---

[1] In subsequent references to these INA provisions, we cite the analogous sections of the U.S. Code: 8 U.S.C. § 1227(a)(2)(A)(iii) and 8 U.S.C. § 1227(a)(2)(E)(i), respectively.

[2] In subsequent references to this INA provision, we cite the analogous section of the U.S. Code: 8 U.S.C. § 1229b(a).

Second, we conclude that Debique abandoned any argument related to whether his conviction constitutes a "crime of child abuse." We therefore deny this aspect of Debique's petition.

## I. BACKGROUND

A native of Trinidad and Tobago, Debique entered the United States legally as a visitor in 2001, and he became a lawful permanent resident in 2015. On October 17, 2019, Debique was convicted in New York state court of sexual abuse in the second degree under N.Y. Penal Law § 130.60(2), which makes it a crime to "subject[] another person to sexual contact and when such other person is . . . [l]ess than fourteen years old."

On March 3, 2020, the Department of Homeland Security issued a Notice to Appear, alleging that Debique is removable under (1) 8 U.S.C. § 1227(a)(2)(E)(i) as "an alien who at any time after entry has been convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment"; and (2) 8 U.S.C. § 1227(a)(2)(A)(iii) because "at any time after admission, [Debique has] been convicted of an aggravated felony as defined in Section 101(a)(43)(A) of the Act,[3] a law relating to Murder, Rape OR Sexual Abuse of a Minor." Certified Administrative Record ("CAR") at 220. Debique denied both charges and sought cancellation of removal.

The IJ concluded Debique was removable as charged. First, the IJ found that Debique's conviction under N.Y. Penal Law § 130.60(2) was "sexual abuse of a minor" and thus an "aggravated

---

[3] In subsequent references to this INA provision, we cite the analogous section of the U.S. Code: 8 U.S.C. § 1101(a)(43)(A).

4

felony" under 8 U.S.C. § 1227(a)(2)(A)(iii).   Based on this finding, the IJ "pretermit[ted] [Debique's] application for cancellation of removal" and denied the possibility of voluntary departure given "the severity of the underlying crime."   *Id.* at 64.   Second, the IJ determined that Debique was removable under 8 U.S.C. § 1227(a)(2)(E)(i) as "an alien who has been convicted of a crime of child abuse, child neglect, or child abandonment," which "includes sexual abuse of a minor."   *Id.* This conclusion was based on the IJ's initial finding that Debique had committed "sexual abuse of a minor."

Debique appealed to the BIA, which dismissed his appeal and affirmed the IJ's decision.   First, the BIA held that N.Y. Penal Law § 130.60(2) "is categorically an aggravated felony involving sexual abuse of a minor" under 8 U.S.C. § 1227(a)(2)(A)(iii).   *Id.* at 3.   In *In re Rodriguez-Rodriguez*, 22 I. & N. Dec. 991 (B.I.A. 1999), the BIA "adopted the definition of 'sexual abuse' of a child contained in 18 U.S.C. § 3509(a), as a guide in identifying the types of crimes that we would consider to be sexual abuse of a minor."   CAR at 4.   In *Mugalli v. Ashcroft*, we afforded *Chevron* deference to *Rodriguez-Rodriguez*'s interpretation of "sexual abuse of a minor."   258 F.3d 52, 56-60 (2d Cir. 2001).   Applying these precedents, the BIA held that Debique's conviction constitutes "sexual abuse of a minor" because it falls "within the meaning of either the use of a child to engage in sexually explicit conduct or the molestation or sexual exploitation of children as contained in 18 U.S.C. § 3509(a)."   CAR at 4.

Second, the BIA affirmed the IJ's conclusion that Debique's conviction under N.Y. Penal Law § 130.60(2) constitutes "a crime of child abuse" under 8 U.S.C. § 1227(a)(2)(E)(i).   The BIA's definition of a "crime of child abuse" is "any offense involving an intentional,

knowing, reckless, or criminally negligent act or omission that constitutes maltreatment of a child or that impairs a child's physical or mental well-being, including sexual abuse or exploitation." *Id.* at 5 (quoting *In re Velazquez-Herrera*, 24 I. & N. Dec. 503, 512 (B.I.A. 2008)). The BIA, affirming the IJ, held that this broad definition of a "crime of child abuse" includes N.Y. Penal Law § 130.60(2). The BIA therefore dismissed Debique's appeal. Debique filed a petition for review on April 4, 2021.[4]

## II. DISCUSSION

When "the BIA adopts and affirms the IJ's decision, we review the two decisions in tandem. We review all questions of law, including the application of law to facts, *de novo*." *Ojo v. Garland*, 25 F.4th 152, 159 (2d Cir. 2022) (cleaned up).

A. "Sexual Abuse of a Minor"

We lack jurisdiction to review Debique's claims under 8 U.S.C. § 1227(a)(2)(A)(iii) because his New York state conviction is "sexual abuse of a minor" and thus an "aggravated felony" under the INA.

1. *Legal Standards*

The INA provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii)" for an aggravated felony. 8 U.S.C. § 1252(a)(2)(C). An "aggravated felony" includes "murder, rape, or sexual abuse of a minor." *Id.* § 1101(a)(43)(A). "This jurisdictional

---

[4] On November 1, 2022, this Court denied Debique's motion to stay his removal pending appeal.

6

bar arises if: (1) the petitioner is an alien; and (2) he is deportable under one of the offenses enumerated in 8 U.S.C. § 1101(a)(43)." *Mugalli*, 258 F.3d at 54-55.

This Court has jurisdiction to determine whether this jurisdictional bar applies—*i.e.*, whether Debique's New York state conviction under N.Y. Penal Law § 130.60(2) constitutes "sexual abuse of a minor," thereby making it an "aggravated felony." *See Bell v. Reno*, 218 F.3d 86, 89 (2d Cir. 2000). If Debique "is in fact removable because he was convicted of an aggravated felony . . . , we must dismiss his petition for lack of jurisdiction." *Sui v. INS*, 250 F.3d 105, 110 (2d Cir. 2001).

To determine whether a predicate offense qualifies as a removable offense under the INA, "we generally employ a 'categorical approach' to determine whether the state offense is comparable to an offense listed in the INA. Under this approach we look not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony." *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013) (cleaned up).

"When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions." *Chevron, U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984). First, we determine whether the statute is unambiguous. *Id.* "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id.* at 842-43. At the first step, we must "employ[] traditional tools of statutory construction" to ascertain Congress's intent. *Id.* at 843 n.9. Second, "if the statute is

7

silent or ambiguous," we ask "whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843. This Court has recognized that BIA "precedential opinions interpreting the INA [may be] entitled to *Chevron* deference." *Florez v. Holder*, 779 F.3d 207, 211 (2d Cir. 2015).

2. *"Sexual Abuse of a Minor" Under the INA*

The INA does not define the term "sexual abuse of a minor," so in *Mugalli*, this Court afforded *Chevron* deference to the BIA's interpretation of that term. *Mugalli*, 258 F.3d at 60. Specifically, *Mugalli* deferred to the BIA's decision in *Rodriguez-Rodriguez*, which looked to 18 U.S.C. § 3509(a)(8) as "a useful identification of the forms of sexual abuse" under the INA. *Id.* at 57 (quoting 22 I. & N. Dec. at 995). Sexual abuse under 18 U.S.C. § 3509(a)(8) "includes the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children." *Rodriguez-Rodriguez* also invoked *Black's Law Dictionary*, which defines "sexual abuse" as "[i]llegal sex acts performed against a minor by a parent, guardian, relative, or acquaintance." 22 I. & N. Dec. at 996 (quoting *Sexual Abuse*, Black's Law Dictionary 1375 (6th ed. 1990)). As noted in *Mugalli*, *Rodriguez-Rodriguez* treated 18 U.S.C. § 3509 as "a guide," not "a definitive standard or definition." *Mugalli*, 258 F.3d at 58 (quoting *Rodriguez-Rodriguez*, 22 I. & N. Dec. at 996).

More recently, the Supreme Court held that "in the context of statutory rape offenses focused solely on the age of the participants," "sexual abuse of a minor" under the INA is unambiguous. *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1572-73 (2017). The Court

8

declined to afford the BIA *Chevron* deference and instead interpreted "sexual abuse of a minor" "using the normal tools of statutory interpretation." *Id.* at 1569, 1572. But the Court suggested its holding was confined to "the context of statutory rape offenses focused solely on the age of the participants," "leav[ing] for another day" the interpretation of the "generic offense" of "sexual abuse of a minor." *Id.* at 1572. After *Esquivel-Quintana*, we reaffirmed "our decision in *Mugalli* to grant deference to the BIA in its use of 18 U.S.C. § 3509(a)(8) in identifying which crimes serve as [sexual abuse of a minor] under the INA." *Acevedo*, 943 F.3d at 623. Per our "longstanding rule," we are bound by *Mugalli* and *Acevedo*. *In re Guo*, 965 F.3d 96, 105 (2d Cir. 2020) (citation omitted).

### 3.     *N.Y. Penal Law § 130.60(2)*

We conclude that N.Y. Penal Law § 130.60(2) constitutes the "aggravated felony" of "sexual abuse of a minor" under 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43)(A). Under § 130.60(2), "[a] person is guilty of sexual abuse in the second degree when he or she subjects another person to sexual contact and when such other person is . . . [l]ess than fourteen years old."[5]   N.Y. Penal Law § 130.60.

---

[5] In some cases, we apply the "modified categorical approach," which allows "for limited review of the record" through a two-step process: (1) "we determine if the statute is 'divisible,' such that some categories of proscribed conduct render an alien removable and some do not," and then (2) "we consult the record of conviction to ascertain the category of conduct of which the alien was convicted." *Lanferman v. BIA*, 576 F.3d 84, 88-89 (2d Cir. 2009) (per curiam) (cleaned up). Under the modified categorical approach, review of the record is limited to "inquiry into the *fact of conviction* of a specific offense but prohibits reference to or examination of the *particular factual circumstances* underlying that conviction." *Dickson v.*

Although we have not squarely held that a conviction under N.Y. Penal Law § 130.60(2) is "sexual abuse of a minor," we recently held that a substantively identical provision is. *See Rodriguez v. Barr*, 975 F.3d 188, 194 (2d Cir. 2020) (per curiam) (holding that a conviction under N.Y. Penal Law § 130.65(3) constitutes "sexual abuse of a minor"). *Compare* N.Y. Penal Law § 130.65(3) ("A person is guilty of sexual abuse in the *first* degree when he or she subjects another person to sexual contact . . . [w]hen the other person is less than *eleven* years old[.]" (emphases added)), *with* N.Y. Penal Law § 130.60(2) ("A person is guilty of sexual abuse in the *second* degree when he or she subjects another person to sexual contact and when such other person is . . . [l]ess than *fourteen* years old." (emphases added)).

Following *Rodriguez*, it is clear that Debique's conviction under N.Y. Penal Law § 130.60(2) is "sexual abuse of a minor" under the INA. Both statutes use the same definition of sexual contact, and we

---

*Ashcroft*, 346 F.3d 44, 52 (2d Cir. 2003).

A statute is divisible if it "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis v. United States*, 579 U.S. 500, 505 (2016); *see also United States v. Moore*, 916 F.3d 231, 238 (2d Cir. 2019) (noting that a statute is divisible if it "delineates two methods of committing [a single] crime"). N.Y. Penal Law § 130.60 is a divisible statute because it states that "[a] person is guilty of sexual abuse in the second degree" if "he or she subjects another person to sexual contact" and that other person is either (1) "[i]ncapable of consent by reason of some factor other than being less than seventeen years old," or (2) "[l]ess than fourteen years old." N.Y. Penal Law § 130.60. Applying the modified categorical approach, we may review the information charging Debique, which alleged that Debique "subject[ed] a child . . . who was less than fourteen years old, to sexual contact by touching her buttocks and placing his hand under her shirt on her bare skin and reaching towards her chest." CAR at 196.

have held that this definition of "sexual contact" is a categorical match to the generic federal offense, *see Rodriguez*, 975 F.3d at 195. The only difference between this case and *Rodriguez* is the element concerning the victim's age: N.Y. Penal Law § 130.65(3) requires the victim to be under eleven years old, while § 130.60(2) requires the victim to be under fourteen years old. For present purposes, this distinction makes no difference. Debique points to no evidence that the generic federal definition of "sexual abuse of a minor" would somehow categorically exclude offenses committed against victims between the ages of eleven and fourteen.

To the contrary, various authorities imply that the generic federal definition of "sexual abuse of a minor" applies to crimes committed against "a minor" who is under fourteen years old. First, in *Esquivel-Quintana*, the Supreme Court held that under "the generic federal definition of sexual abuse of a minor" and "in the context of statutory rape offenses that criminalize sexual intercourse based solely on the ages of the participants," the age of the victim must be "younger than 16." 137 S. Ct. at 1568. Second, the BIA has extended the reasoning of *Rodriguez-Rodriguez*—the BIA decision to which we deferred in *Mugalli* and *Acevedo*—to hold that under the generic federal definition of "sexual abuse of a minor," "[a] victim of sexual abuse is a 'minor' . . . if he or she is under 18 years of age." *In re V-F-D*, 23 I. & N. Dec. 859, 862 (B.I.A. 2006). Third, at the time the INA was amended in 1996 to expand the definition of an "aggravated felony," the term "minor" was likely understood to refer to individuals under the age of eighteen. *See Minor*, Black's Law Dictionary 997 (6th ed. 1990) ("In most states, a person is no longer a minor after reaching the age of 18 . . . ."); *In re V-F-D*, 23 I. & N. Dec. at 862 ("We find that the broader age limitation in 18 U.S.C.

11

§ 3509(a)(2) [of age eighteen and under] best reflects the diverse State laws that punish sexually abusive behavior toward children, the common usage of the word 'minor,' and the intent of Congress in expanding the definition of an aggravated felony to protect children."). Finally, the BIA in 2002 agreed that a conviction under N.Y. Penal Law § 130.60 is "sexual abuse of a minor" under the INA. *In re Small*, 23 I. & N. Dec. 448, 449 (B.I.A. 2002). So the requirement under N.Y. Penal Law § 130.60(2) that the victim be "less than fourteen years old" does not sweep more broadly than the generic federal definition of "sexual abuse of a minor."[6] Applying the reasoning of *Rodriguez* to the otherwise identical language of Debique's statute of conviction, we conclude that a conviction under N.Y. Penal Law § 130.60(2) is a categorical match for "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A) and therefore an "aggravated felony" under 8 U.S.C. § 1227(a)(2)(A)(iii).

Debique's arguments to the contrary are unavailing. First, Debique erroneously claims that his case is different from *Rodriguez* because his statute of conviction is labeled as a misdemeanor, not a felony. But the Supreme Court foreclosed a similar argument in *Taylor v. United States*, observing that "th[e] categorical approach[] extend[s] the range of predicate offenses to all crimes having certain

---

[6] We do not decide whether the generic federal definition of "sexual abuse of a minor" requires a minimum age differential or particular relationship between the perpetrator and victim. *Cf. Esquivel-Quintana*, 137 S. Ct. at 1572 ("We leave for another day whether the generic offense requires a particular age differential between the victim and the perpetrator, and whether the generic offense encompasses sexual intercourse involving victims over the age of 16 that is abusive because of the nature of the relationship between the participants.").

common characteristics . . . regardless of how they were *labeled by state law*." 495 U.S. 575, 589 (1990) (emphasis added). Debique's "labeling" argument makes little sense under the logic of the categorical approach, which adopts a uniform, elements-driven method of interpretation to account for "the wide variation among states and localities in the ways that offenses are labeled." *Id.* at 582 (quoting S. Rep. No. 98-190, at 20 (1983)).

Second, our holding in *Rodriguez* defeats Debique's argument that *James v. Mukasey*, 522 F.3d 250 (2d Cir. 2008), implies N.Y. Penal Law § 130.60(2) is broader than the generic federal definition of "sexual abuse of a minor." In *James*, we observed that "under New York law, a kiss on the mouth constitutes 'sexual contact'" under N.Y. Penal Law § 130, and "[t]his definition is broader than that of the federal statute from which the BIA has drawn guidance"—*i.e.*, 18 U.S.C. § 3509. *James*, 522 F.3d at 258. But the *Rodriguez* Court later rejected this "passing" dicta in *James* given that (1) "the New York law's reference to 'intimate' body parts does not necessarily make the New York statute's definition of sexual contact broader than that provided in the INA," and (2) the "open-ended nature of the conduct covered by INA § 101(a)(43)(A)." *Rodriguez*, 975 F.3d at 193-94.

Debique's conviction for second-degree sexual abuse under New York law is thus a categorical match for "sexual abuse of a minor," an "aggravated felony" under 8 U.S.C. § 1227(a)(2)(A)(iii). We dismiss this part of Debique's petition for lack of jurisdiction.[7] *See* 8 U.S.C. § 1252(a)(2)(C).

---

[7] Debique requests that this Court cancel his removal under 8 U.S.C. § 1229b(a). But as the government correctly points out, "[t]he Attorney

13

B.    "A Crime of Child Abuse"

Debique has abandoned any argument that his conviction under N.Y. Penal Law § 130.60(2) is not "a crime of child abuse" under 8 U.S.C. § 1227(a)(2)(E)(i).   Although 8 U.S.C. § 1252(a)(2)(C) deprives this Court of jurisdiction to review final orders of removal for "an alien who is removable by reason of having committed" one of several enumerated offenses, a "crime of child abuse" under 8 U.S.C. § 1227(a)(2)(E)(i) is not such an offense.   We therefore retain jurisdiction to "review . . . questions of law," 8 U.S.C. § 1252(a)(2)(D), including whether Debique's conviction under N.Y. Penal Law § 130.60(2) is a "crime of child abuse, child neglect, or child abandonment" under 8 U.S.C. § 1227(a)(2)(E)(i).   We decline, however, to exercise jurisdiction here.

Under Federal Rule of Appellate Procedure 28(a)(8)(A), "the argument" in an appellant's brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."    "We consider abandoned any claims not adequately presented in an appellant's brief," and an appellant's failure to make "legal or factual arguments" constitutes abandonment.   *Schwapp v. Town of Avon*, 118 F.3d 106, 112 (2d Cir. 1997).   Under "the party-presentation rule," we "'normally decide only questions presented by the parties' and may play only 'a modest initiating role' in shaping the arguments before" us.   *United*

---

General may cancel removal in the case of an alien who is inadmissible or deportable from the United States" only "if the alien . . . has not been convicted of any aggravated felony."   *Id.* § 1229b(a)(3).   Debique's New York state conviction constitutes an "aggravated felony" under 8 U.S.C. § 1227(a)(2)(A)(iii), so he is ineligible for cancellation of removal.

14

*States v. Graham*, 51 F.4th 67, 80 (2d Cir. 2022) (quoting *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020)). An "abandoned claim[] thus sounds in the party-presentation rule." *Id.* (cleaned up).

Debique fails to argue that his New York state conviction does not constitute a ground for removal under 8 U.S.C. § 1227(a)(2)(E)(i). He claims only that § 1227(a)(2)(E)(i) "is overbroad," Petr. Br. at 8, and cites *In re Velazquez-Herrera*, 24 I. & N. Dec. at 511-12, and *Guzman v. Holder*, 340 F. App'x 679 (2d Cir. 2009) (summary order), for support. The entirety of Debique's point is that although the phrase "crime of child abuse" under the INA has been interpreted broadly, that "does not mean that its breadth is infinite." Petr. Br. at 9. Debique, however, makes no "legal or factual arguments" as to 8 U.S.C. § 1227(a)(2)(E)(i)'s application to his statute of conviction, nor does he explain why the BIA and IJ erred in their application of the categorical approach in his case. *Schwapp*, 118 F.3d at 112.

Debique's statement that the breadth of 8 U.S.C. § 1227(a)(2)(E)(i) is not infinite "does not constitute compliance with [FRAP] 28(a): an appellant . . . must state the issue *and* advance an argument." *Gross v. Rell*, 585 F.3d 72, 95 (2d Cir. 2009) (citation omitted). Debique fails to do so and has thus abandoned any arguments as to 8 U.S.C. § 1227(a)(2)(E)(i). We therefore decline to reach this issue, especially given that Debique is independently removable under 8 U.S.C. § 1227(a)(2)(A)(iii). *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). This part of Debique's petition is denied.

### III.  CONCLUSION

For the foregoing reasons, Debique's petition for review is **DISMISSED** as to his 8 U.S.C. § 1227(a)(2)(A)(iii) claim and **DENIED** as to his 8 U.S.C. § 1227(a)(2)(E)(i) claim.

PARK, *Circuit Judge*, concurring in the judgment:

I concur in today's opinion because we are bound by our own precedent, even when it is dubious. In *Acevedo v. Barr*, 943 F.3d 619 (2d Cir. 2019), we granted *Chevron* deference to the BIA's interpretation of "sexual abuse of a minor" despite the Supreme Court holding just two years earlier in *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562 (2017), that "sexual abuse of a minor" in another context was unambiguous. I write separately to explain my view that *Acevedo* erred in deferring to the BIA in light of the Supreme Court's decision in *Esquivel-Quintana.*

In the classic formulation, at *Chevron* Step One we ask "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter." *Chevron, U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984). We "employ[] traditional tools of statutory construction" to "ascertain[] that Congress had an intention on the precise question at issue." *Id.* at 843 n.9. If "the statute is silent or ambiguous with respect to the specific issue," then Step Two asks "whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843.

In recent years, the Supreme Court has warned against too readily deferring to the agencies and has emphasized that Step One's command to employ the "traditional tools of statutory construction" means what it says. *See, e.g., Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1630 (2018) (declining to afford *Chevron* deference because "the canon against reading conflicts into statutes is a traditional tool of statutory construction and it, along with the other traditional canons . . . is more than up to the job of solving today's interpretive puzzle" and where "the canons supply an answer, *Chevron* leaves the stage"

(cleaned up)); *Pereira v. Sessions*, 138 S. Ct. 2105, 2113-14, 2116 (2018) (declining to "resort to *Chevron* deference" and "to inject ambiguity into the statute" when "[t]he statutory text alone is enough" to conclude "Congress has supplied a clear and unambiguous answer to the interpretive question at hand").

In *Esquivel Quintana*, the Court applied this analytical rigor, rather than deferring to the BIA, to interpret "sexual abuse of a minor"—the same phrase at issue here. The Court first noted that "Section 1101(a)(43)(A) does not expressly define sexual abuse of a minor." *Esquivel-Quintana*, 137 S. Ct. at 1569. But this statutory omission did not automatically imply ambiguity and agency deference. Instead, the Court proceeded to "interpret that phrase using the normal tools of statutory interpretation," including dictionary definitions, the structure of the INA, a related federal statute, and evidence from state criminal codes. *Id.* at 1569-72.

But two years after the Supreme Court in *Esquivel-Quintana* found "sexual abuse of a minor" to be unambiguous, our Court in *Acevedo* decided the same phrase was ambiguous. *See Acevedo*, 943 F.3d at 623. *Acevedo* noted in three brief sentences that "'sexual abuse of a minor' is not defined by the INA"; "[t]he INA also does not incorporate by reference any definition in the criminal code"; and the INA's legislative history is "similarly unhelpful." *Id.* *Acevedo* simply reaffirmed our decision in *Mugalli v. Ashcroft*, 258 F.3d 52 (2d Cir. 2001), to defer to the BIA because *Esquivel-Quintana* "did not foreclose" the BIA's interpretation of "sexual abuse of a minor" "in other instances." *Acevedo*, 943 F.3d at 623.

In my view, this quick resort to statutory ambiguity and agency deference was inconsistent with *Esquivel-Quintana* specifically and

2

with the Supreme Court's teaching on *Chevron* generally. Although likely harmless to the outcome of this case, this type of interpretive shortcut raises separation-of-powers concerns. *Chevron* Step One must have teeth to ensure that courts do not reflexively defer on matters of interpretation to the Executive. The Constitution exclusively vests the "judicial Power of the United States" in the federal judiciary, U.S. Const. art. III, § 1, and it is the "duty of the judicial department to say what the law is." *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803). Uncritical deference to an executive agency "tell[s] those who come before us" asking "what the law is" to "go ask a bureaucrat" instead. *Buffington v. McDonough*, 143 S. Ct. 14, 18-19 (2022) (mem.) (Gorsuch, *J.*, dissenting from the denial of certiorari). So *Chevron* Step One is at bottom a separation-of-powers decision. If a statute is unambiguous, then the courts retain interpretive control, but if it is deemed ambiguous, then executive agencies take the helm (as long as their construction is "reasonable").

Our job in this case is to interpret the phrase "sexual abuse of a minor," a task that we as "[j]udges are trained to do" and that "can be done in a neutral and impartial manner." Brett M. Kavanaugh, *Fixing Statutory Interpretation*, 129 Harv. L. Rev. 2118, 2154 (2016) (reviewing Robert A. Katzmann, *Judging Statutes* (2014)).[1] We should do our job.

In short, we decided *Mugalli* during an era of almost-reflexive *Chevron* deference. But in recent years, the Supreme Court has taken

---

[1] *Chevron* deference may be more suitable when a court is asked to interpret "broad and open-ended terms like 'reasonable,' 'appropriate,' 'feasible,' or 'practicable'" that may benefit from an executive agency's technical expertise. Kavanaugh, *supra*, at 2153.

a more rigorous approach, as in *Esquivel-Quintana*. Our Court in *Acevedo* found statutory ambiguity without employing the "traditional tools of statutory construction."[2] This not only runs afoul of Supreme Court guidance, but it also risks offending separation of powers. For today, our Court is bound to follow *Acevedo*, so I join its opinion in full.

---

[2] Other courts of appeals have similarly understood *Esquivel-Quintana* to require a more searching analysis at *Chevron* Step One. *See, e.g.*, *Cabeda v. Att'y Gen. of the U.S.*, 971 F.3d 165, 185-86, 188 (3d Cir. 2020) (Krause, *J.*, concurring in part) (criticizing circuit precedent for "wav[ing] the white flag of ambiguity far too readily, and without performing the rigorous analysis *Esquivel-Quintana* demands" such as "vigorous textual and contextual statutory analysis tailored to the precise interpretive question presented"); *Diaz-Rodriguez v. Garland*, 12 F.4th 1126, 1132 (9th Cir. 2021) (noting that *Esquivel-Quintana* is "highly instructive" because "[a]fter observing that Congress had not defined the term 'sexual abuse of a minor,' the Court did not throw up its hands and declare the statute ambiguous" but "instead relied on the normal tools of statutory interpretation" (cleaned up)), *vacated on other grounds*, No. 13-73719, 2022 WL 17493613 (9th Cir. Dec. 8, 2022) (en banc); *Bastias v. U.S. Att'y Gen.*, 42 F.4th 1266, 1277 (11th Cir. 2022) (Newsom, *J.*, concurring) ("[T]he Supreme Court has taken pains to clarify that *Chevron* step one has teeth: We judges must actually do the hard work of statutory interpretation; we can't just skip ahead to step two."). It appears that five circuits reject the notion that the BIA's interpretation of "sexual abuse of a minor" in *Rodriguez-Rodriguez* is entitled to deference. *Cabeda*, 971 F.3d at 195-97 (Krause, *J.*, concurring in part) (collecting cases). By my count, at least the Second, Third, and Seventh Circuits continue to defer to the BIA's interpretation of "sexual abuse of a minor" after *Esquivel-Quintana*. *See, e.g.*, *Acevedo*, 943 F.3d at 623; *Cabeda*, 971 F.3d at 171 (majority opinion); *Correa-Diaz v. Sessions*, 881 F.3d 523, 527-28 (7th Cir. 2018).

4