22-6104
Wu v. Garland

BIA
Navarro, IJ
A088 791 986

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of January, two thousand twenty-four.

PRESENT:
WILLIAM J. NARDINI,
STEVEN J. MENASHI,
ALISON J. NATHAN,
*Circuit Judges.*

_____

DONG XIAN WU,
*Petitioner,*

v.                                                      22-6104
NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:               Meer M. M. Rahman, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Keith I. McManus, Assistant Director; Rachel Browning, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dong Xian Wu, a native and citizen of the People's Republic of China, seeks review of a February 4, 2022 decision of the BIA affirming a July 9, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dong Xian Wu*, No. A 088 791 986 (B.I.A. Feb. 4, 2022), *aff'g* No. A 088 791 986 (Immig. Ct. N.Y. City July 9, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Wu does not present factual or legal challenges to the agency's adverse credibility determination, instead erroneously stating that the agency found him credible. *See* Petitioner's Brief at 5–6. Accordingly, he has abandoned any challenge to the adverse credibility determination. "We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure

2

to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted); *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (citing *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir. 1998), which holds that "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal"). Accordingly, we deny the petition because the adverse credibility determination was dispositive of asylum, withholding of removal, and CAT relief. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reason, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

3