Murillo Martinez v. Garland

BIA
Navarro, IJ
A208 284 708

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand twenty-four.

PRESENT:
    PIERRE N. LEVAL,
    MICHAEL H. PARK,
    MYRNA PÉREZ,
        *Circuit Judges.*
_____

JANNA ZARETH MURILLO MARTINEZ,
        *Petitioner*,

    v.                                              **22-6086**
                                                    **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Joshua Bardavid, Esq., New York, NY.

**FOR RESPONDENT:**    Brian M. Boynton, Principal Deputy Assistant Attorney General; Sheri R. Glaser, Senior Litigation Counsel; Andrew B. Insenga, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Janna Zareth Murillo Martinez, a native and citizen of Honduras, seeks review of a February 3, 2022, decision of the BIA affirming a November 1, 2018, decision of an Immigration Judge ("IJ") denying her application for asylum and withholding of removal.[1]  *In re Janna Zareth Murillo Martinez*, No. A208 284 708 (B.I.A. Feb. 3, 2022), *aff'g* No. A208 284 708 (Immigr. Ct. N.Y.C. Nov. 1, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  We review factual findings for substantial evidence and questions of law and application of law to fact de novo.

---

[1] Murillo Martinez does not challenge the BIA's determination that she waived her claim for protection under the Convention Against Torture.

*Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An asylum applicant has the burden to establish past persecution or a well-founded fear of future persecution, and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 C.F.R. § 1208.13(a), (b). Murillo Martinez does not challenge the IJ's finding that she did not suffer past persecution, nor does she challenge the BIA's determination that she waived that issue on appeal to the BIA. The issue of past persecution is thus not before us. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("[W]e normally decide only questions presented by the parties." (quotation marks omitted)).

Murillo Martinez has also abandoned any challenge to the agency's determination that she failed to establish a well-founded fear of future persecution. "We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique*, 58 F.4th at 684 (quotation marks omitted).

3

Murillo Martinez's brief includes a heading that she "has a well-founded fear of future persecution," and goes on to state the requirements for establishing such fear, but she focuses on a nexus to a protected ground, without clearly addressing how or why the IJ and BIA erred in concluding that she had not established an objectively reasonable fear of future harm. *See Debique*, 58 F.4th at 684. This failure to "state the issue *and* advance an argument" constitutes abandonment. *Gross v. Rell*, 585 F.3d 72, 95 (2d Cir. 2009). This abandonment is dispositive as to both asylum and withholding of removal. *See* 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Pinel-Gomez v. Garland*, 52 F.4th 523, 528 (2d Cir. 2022) ("Because the 'clear probability' standard for statutory withholding of removal is more demanding than the 'well-founded fear' standard for asylum, an applicant who fails to establish eligibility for asylum fails to establish eligibility for withholding of removal." (cleaned up)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4