Bran-Soriano v. Bondi

BIA
Spencer, IJ
A208 980 225

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand twenty-five.

Present:
>           RICHARD C. WESLEY,
>           MICHAEL H. PARK,
>           EUNICE C. LEE,
>                     *Circuit Judges.*

_____

MARISOL EVANGELINA BRAN-SORIANO,
>           *Petitioner*,

>           v.                                                23-7123
>                                                             NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
>           *Respondent*.[1]

_____

---

[1] The Clerk of the Court is directed to amend the caption as set forth above.

FOR PETITIONER:                    Bruno J. Bembi, Hempstead, NY.

FOR RESPONDENT:                    Brian M. Boynton, Principal Deputy Assistant
                                   Attorney General; Andrew N. O'Malley, Senior
                                   Litigation Counsel; Sarai M. Aldana, Trial
                                   Attorney, Office of Immigration Litigation,
                                   United States Department of Justice,
                                   Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that the petition for review is **DENIED**.

Petitioner Marisol Evangelina Bran-Soriano, a native and citizen of El

Salvador, seeks review of an August 15, 2023 decision of the BIA affirming an

August 9, 2019 decision of an Immigration Judge ("IJ") denying her application for

asylum, withholding of removal, and relief under the Convention Against Torture

("CAT"). *In re Marisol Evangelina Bran-Soriano*, No. A 208 980 225 (B.I.A. Aug. 15,

2023), *aff'g* No. A 208 980 225 (Immig. Ct. N.Y. City Aug. 9, 2019). We assume the

parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions "for the sake of

completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.

2006). We review factual findings for substantial evidence and questions of law

and application of law to fact de novo. *Yanqin Weng v. Holder*, 562 F.3d 510, 513

2

(2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

The agency did not err in denying asylum and withholding of removal. "[A]pplicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." *Shi Liang Lin v. U.S. Dep't of Just.*, 494 F.3d 296, 308 (2d Cir. 2007). Thus, "an asylum applicant cannot claim past persecution based solely on harm that was inflicted on a family member on account of that family member's . . . protected characteristic," but "if an applicant's family member was harmed as a means of targeting the *applicant* on some protected ground, that harm may constitute persecution of the applicant." *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007) (emphasis in original).

Bran-Soriano alleged that she feared harm from gangs because her daughter was threatened and her daughter's father was shot. But her daughter was not threatened as a means of targeting Bran-Soriano; she was threatened so she would leave the neighborhood she was visiting. And Bran-Soriano did not know why her daughter's father was shot, admitting that she "really didn't have communication with him." Certified Admin. R. at 112. Thus, the agency did not

3

err in concluding that Bran-Soriano did not suffer persecution. *Tao Jiang*, 500 F.3d at 141 (noting "the agency must consider the totality of the circumstances in each case to determine whether harm suffered by family members in combination with other factors may constitute past persecution of the applicant").

Nor did she establish a well-founded fear of persecution. Even if an applicant has not suffered past persecution, she may establish eligibility for asylum and withholding of removal if she can prove a well-founded fear of future persecution and that a protected ground is "one central reason" for that fear. 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. §§ 1208.13(b)(2), 1208.16(b)(2); *see also Quituizaca v. Garland*, 52 F.4th 103, 114 (2d Cir. 2022) (applying "one central reason" standard to withholding of removal claims). Bran-Soriano alleged a fear of persecution on account of her membership in the proposed social groups of "family members of individuals who are threatened by gangs" and "young girls who are threatened by gangs because of their relationship to the enemy of the gangs." Certified Admin. R. at 55. She has failed to meaningfully challenge the agency's reasoning for finding these groups not cognizable. *See* Fed. R. App. P. 28(a)(8) (requiring that the argument section of a brief contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which

4

the appellant relies"). [2]   For example, she relies on unsupported assertions that the gang sought retribution because her daughter "refused to join the gang." Petitioner Br. at 4.   However, she cites no evidence to support this statement, nor did she allege before the agency that her daughter was asked to join a gang, that she refused to join, or that a gang sought retribution against the family.   Such unsupported assertions do not identify error in the agency's determination that her proposed groups were circularly defined by the harm feared.   *See Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) ("Persecutory conduct aimed at a social group cannot alone define the group, which must exist independently of the persecution.").   The lack of a nexus to a protected ground is dispositive of both asylum and withholding of removal.   8 U.S.C §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *Quituizaca*, 52 F.4th at 114.

Finally, Bran-Soriano has abandoned her CAT claim by challenging the BIA's decision in a single, conclusory sentence in her brief.   *Yueqing Zhang v.*

---

[2] Before the agency, Bran-Soriano also alleged a fear of persecution based on her membership in the proposed social groups of the "general public in El Salvador that is threatened by gangs" and "individuals from a neighborhood in El Salvador."   Certified Admin. R. at 55.   By not addressing these proposed social groups in her brief, Bran-Soriano has abandoned any challenge to the agency's conclusion that these groups were similarly not cognizable.   *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023).

*Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming claim abandoned where brief "devote[d] only a single conclusory sentence to the argument"). And Bran-Soriano's argument that proceedings should be terminated because her Notice to Appear ("NTA") was defective in that it did not include a hearing date and time is both unexhausted and foreclosed by our precedent. *See Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA."); *Banegas Gomez v. Barr*, 922 F.3d 101, 112 (2d Cir. 2019) ("We conclude that an NTA that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the alien.").

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

<div style="margin-left:40%">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>

6