23-7414
*Contreras Pacheco v. Blanche*

BIA
Gundlach, IJ
A216 984 413/414/537

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of June, two thousand twenty-six.

PRESENT:
> JOHN M. WALKER, JR.,
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

JOSE BIENVENIDO CONTRERAS
PACHECO, NELLY ADRIANA QUINDIL
MASAQUISA, L.E.C.Q.,
> *Petitioners,*

> v.                                                                    **23-7414**
>                                                                        **NAC**

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,
> *Respondent.***

_____

* The Clerk of Court is respectfully directed to amend the caption as reflected above.

_____

**FOR PETITIONERS:**    Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:**    Brian Boynton, Principal Deputy Assistant Attorney General; Edward E. Wiggers, Senior Litigation Counsel; C. Frederick Sheffield, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Jose Bienvenido Contreras Pacheco, Nelly Adriana Quindil Masaquisa, and their minor child, natives and citizens of Ecuador, seek review of a September 19, 2023 decision of the BIA affirming a July 6, 2022 decision of an Immigration Judge ("IJ" and, together with the "BIA," the "agency") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jose Bienvenido Contreras Pacheco, et al.*, Nos. A 216 984 413/414/537 (B.I.A. Sep. 19, 2023), *aff'g* Nos. A 216 984 413/414/537 (Immigr. Ct. N.Y.C. July 6, 2022). Petitioners alleged persecution because of their Indigenous race, religion, and membership in a particular social group of Indigenous landowners. We assume the parties' familiarity with the underlying facts and

2

procedural history.

Because the BIA adopted the decision of the IJ, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review "the entirety of the agency's conclusions—both the underlying factual findings and the application of the [Immigration and Nationality Act] to those findings—for substantial evidence" and pure questions of law de novo. *Urias-Orellana v. Bondi*, 146 S. Ct. 845, 849 n.1, 851 (2026). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Petitioners' brief relies on facts not in the record and identifies putative grounds for the agency's decision that were not cited by the agency in this case. Even assuming the brief were sufficient to preserve a challenge to the agency's past-persecution determination, substantial evidence supports the agency's decision not to grant Petitioners' requested relief. *See Urias-Orellana*, 146 S. Ct. at 851.

I.      **Asylum and Withholding of Removal**

An applicant for asylum and withholding of removal generally must show at least a well-founded fear of future persecution based on the applicant's "race,

3

religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Jian Liang v. Garland*, 10 F.4th 106, 111–12 (2d Cir. 2021) (comparing asylum and withholding of removal). Although persecution "includes more than threats to life or freedom and extends to non-life-threatening violence and physical abuse," *KC v. Garland*, 108 F.4th 130, 135 (2d Cir. 2024) (quotation marks omitted), it must rise above "mere harassment," *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006). And "applicants can become candidates for asylum relief only based on persecution that they themselves have suffered." *Shi Liang Lin v. U.S. Dep't of Just.*, 494 F.3d 296, 308 (2d Cir. 2007). Thus, harm to an applicant's family member is not persecution unless the applicant "shares . . . the characteristic that motivated persecutors to harm the family member, . . . was also within the zone of risk when the family member was harmed, and suffered some continuing hardship after the incident." *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007).

In addition to persecution, an applicant must prove "a sufficiently strong nexus" between the persecution and a protected ground; in other words, the protected ground must be "one central reason" for the persecution. *Rodas Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010); *see also Quituizaca v. Garland*, 52 F.4th 103,

4

109–14 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal).   "Whether the requisite nexus exists depends on the views and motives of the persecutor."   *Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014) (quotation marks omitted).

Quindil Masaquisa was the only Petitioner who testified in support of the applications.   Her testimony, however, does not support Petitioners' assertions that they suffered harm severe enough to constitute persecution or that they were targeted because of their race, religion, or particular social group of indigenous landowners.   Quindil Masaquisa alleged one incident of physical violence against her: in 2005, at approximately age 13, she and her sister were beaten by "children of commoners."   Certified Administrative Record at 51.   She did not testify, however, about the perpetrators' motive or otherwise establish a nexus between the attack and a protected ground.   Quindil Masaquisa also testified that her family's land was taken and that her father and grandfather were physically attacked during the taking.   But the agency correctly determined that Quindil Masaquisa did not establish that she was within the "zone of risk" when the alleged persecution occurred because, while she testified to having witnessed the attack, she did not explain where she was during the attack or if she was in danger.

5

*See Tao Jiang*, 500 F.3d at 141. Finally, the other alleged harms consisted of verbal insults and discrimination that do not rise to the level of persecution. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011); *Ivanishvili*, 433 F.3d at 341. Accordingly, Petitioners failed to establish past persecution.

Because Petitioners did not establish past persecution, they bore the burden to establish at least a well-founded fear of future persecution upon their return to Ecuador. *See* 8 C.F.R. §§ 1208.13(b), 1208.16(b). Yet, in their briefing before us, they presented no such arguments and have therefore abandoned any claims of future persecution. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)). In any event, the IJ found no evidence that anyone in Ecuador was specifically seeking to harm Quindil Masaquisa, and Petitioners did not otherwise establish a pattern or practice of persecution based on their protected grounds. Petitioners did not challenge these findings before the BIA, and they do not challenge them here. Accordingly, they have failed to satisfy their burden for asylum. *A fortiori*, they also do not satisfy the higher standard of a clear probability of future persecution that is required for

6

withholding of removal.   *See Quituizaca*, 52 F.4th at 113.

## II.    CAT Relief

Finally, Petitioners do not adequately challenge the denial of CAT relief. They erroneously state that the IJ did not consider the CAT claim.   They then assert, without support, that a CAT applicant does not have to demonstrate government acquiescence to torture.   That is wrong.   *See Quintanilla Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021) (explaining that an applicant seeking CAT relief bears the burden of proving a likelihood of future torture by, or with the acquiescence of, the government); *see also* 8 C.F.R § 1208.18(a)(1) (defining torture as a specific type of severe harm "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity"), (a)(7) (defining "[a]cquiescence of a public official" as "requir[ing] that the public official, prior to the activity constituting torture, have awareness of such activity" and clarifying that "[s]uch awareness requires a finding of either actual knowledge or willful blindness").   And Petitioners' conclusory statement that "the provided evidence . . . shows [that] the [Ecuadorian] government did nothing but exacerbate the issue," Petitioners' Brief at 11, refers only to the state-action component of a CAT claim and is irrelevant to

the agency's dispositive determination that Petitioners did not show that they are "more likely than not" to be tortured if they are removed to Ecuador. 8 C.F.R. § 1208.16(c)(2); *see also Garcia Aranda v. Garland*, 53 F.4th 752, 758–59 (2d Cir. 2022) (describing the two-step inquiry for CAT claims). Accordingly, Petitioners have abandoned a dispositive basis for the denial of CAT relief by not addressing the likelihood of torture. *See Debique*, 58 F.4th at 684.

## III. Grievance Panel

In addition to abandonment of dispositive issues, we note the following problems with the brief filed by Petitioners' counsel, Michael Borja. A copy of this order will be forwarded to this Court's Grievance Panel for consideration of the following issues with the brief filed by Mr. Borja.[1]

---

[1] Petitioners may consider moving the BIA to reopen removal proceedings based on Mr. Borja's ineffective assistance of counsel. We express no opinion as to whether this case would warrant equitable tolling of the deadline for filing a motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (requiring motion to reopen to be filed no later than 90 days after the final administrative decision); *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008) ("[I]neffective assistance of counsel can . . . afford [a non-citizen] additional time beyond the limitations period for a motion to reopen and relieve a petitioner from the numerical bar."). Nor do we express any opinion as to whether, if the BIA reopens proceedings, Petitioners have potentially successful claims for asylum, withholding of removal, or protection under the CAT.

Parties seeking equitable tolling, meaning additional time beyond the 90-day period to file a motion to reopen, must show that (1) counsel's performance was so ineffective that it impinged upon the fundamental fairness of the hearing, and (2) they have exercised due diligence in pursuing their claims. *See Rashid*, 533 F.3d at 130–31.

First, as described above, the brief does not cite evidence to support its factual assertions or provide relevant legal arguments as to why the BIA or IJ erred in denying asylum, withholding of removal, or CAT relief.  *See* Fed. R. App. P. 28(a)(8)(A) (requiring an appellant's brief to contain arguments "with citations to the authorities and parts of the record on which the appellant relies").

Second, counsel incorrectly states the grounds for the agency's decision. *Compare* Petitioners' Brief at 6–9 (alleging that the "family was savagely beaten multiple times" and that the IJ denied the asylum claim as time-barred), *with* Certified Administrative Record at 47–59 (IJ decision), 322–23 (affidavit of Quindil Masaquisa in support of her application).

Third, counsel contends that the nexus requirement for withholding of removal is less stringent than that for asylum—but we have rejected that argument in a precedential opinion filed prior to the filing of Petitioners' brief in this case, *see Quituizaca*, 52 F.4th at 109–14, as well as in counsel's prior cases.  *See, e.g.*, *Guarchaj-Guachiac v. Blanche*, No. 24-128, 2026 WL 1210065, at *2 (2d Cir. May 1, 2026) (summary order); *Aucacama-Azogue v. Bondi*, No. 23-7165, 2025 WL 2078445, at *3 (2d Cir. July 24, 2025) (summary order).

Finally, as noted above, counsel's argument that a CAT applicant does not

9

have to establish government acquiescence to torture is contrary to the regulations. *See* 8 C.F.R. § 1208.18(a)(1), (7). We have previously rejected this argument in multiple appeals briefed by Mr. Borja. *See, e.g.*, *Aucacama-Azogue*, 2025 WL 2078445, at *3; *Sinchi Montalvan v. Garland*, No. 22-6400, 2024 WL 4690813, at *2 (2d Cir. Nov. 6, 2024) (summary order). The case Mr. Borja relies on, *Grace v. Barr*, 965 F.3d 883 (D.C. Cir. 2020), does not address standards for CAT claims.

* * *

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

10