13-1152
Lopez-Mendoza v. Holder

BIA
Straus, I.J.
A201 242 380

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand fourteen.

PRESENT:
    RICHARD C. WESLEY,
    DEBRA ANN LIVINGSTON,
    DENNY CHIN,
        *Circuit Judges*.
_____

CLARA LOPEZ-MENDOZA,
    *Petitioner*,

v.                                          13-1152
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent*.
_____

FOR PETITIONER:        Gregory   C.   Osakwe, Hartford,
                       Connecticut.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Linda S. Wernery, Assistant
                       Director; Kerry A. Monaco, Trial
                       Attorney; Kathryn M. Martinez, Law
                       Clerk,    Office    of    Immigration

**Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Clara Lopez-Mendoza, a native and citizen of Mexico, seeks review of a March 22, 2013, decision of the BIA affirming the September 5, 2012, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Clara Lopez-Mendoza*, No. A201 242 380 (B.I.A. Mar. 22, 2013), *aff'g* No. A201 242 380 (Immig. Ct. Hartford Sept. 5, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). We address only withholding of removal, as Lopez-Mendoza does not challenge the denial of asylum or CAT relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

2

Lopez-Mendoza argues that she identified a cognizable social group for purposes of establishing her eligibility for withholding of removal. She defines this social group in her brief as: "returning Mexicans from the United States who are perceived by miscreants back in Mexico as wealthy and who are therefore very likely targets of violent crimes." Petitioner's Br. 5-6.

The term "particular social group" is defined as "a group of persons who share a common characteristic other than their risk of being persecuted, *or* who are perceived as a group by society." *Matter of C-A-*, 23 I&N Dec. 951, 956 (BIA 2006) (internal quotation marks omitted). The group must have a degree of "social visibility" and be sufficiently defined, or "particular." *Matter of A-M-E- & J-G-U-*, 24 I&N Dec. 69, 74-76 (BIA 2007). In *Ucelo-Gomez v. Mukasey*, we endorsed the BIA's determination that the group "wealthy Guatemalans" is not cognizable as a particular social group because wealth is a relative and subjective term that makes it difficult to define. 509 F.3d 70, 73-74 (2d Cir. 2007) (per curiam). Although Lopez-Mendoza attempts to narrow her group to those perceived as wealthy because they are returning from the United States, the basis of the group is still premised on wealth, or the perception of wealth, rather than a

particularized social status.[1]  "[H]arm motivated purely by wealth is not persecution" and "[o]ur own precedent validates the idea that class status does not establish a social group with sufficient particularity."  *Id.* at 74; *see also Matul-Hernandez v. Holder*, 685 F.3d 707, 713 (8th Cir. 2012) (upholding the conclusion of the BIA that "the group 'Guatemalans returning from the United States who are perceived as wealthy' is not a particular social group within the meaning of the INA").  Therefore, because Lopez-Mendoza has not established a fear of future persecution on account of her membership within a particular social group, we find no error in the agency's denial of withholding of removal.  *See* 8 C.F.R. § 1208.16(b).

We decline to consider Lopez-Mendoza's unexhausted claim that the IJ erred by denying a continuance.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007).

---

[1] We find instructive the First Circuit's analysis of this distinction:

> Conceivably, a *class* of persons identified partly based on comparative wealth could be the subject of persecution on the basis of that *status. . . .*  But being part of a landowning class is quite different than happening to be wealthy or perceived to be wealthy because of . . . 'returning to Guatemala after a lengthy residence in the United States.'"

*Sicaju-Diaz v. Holder*, 663 F.3d 1, 4 (1st Cir. 2011).

4

For the foregoing reasons, the petition for review is DENIED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk