22-6117
Marquez-Martinez v. Garland

BIA
Gordon, IJ
A209 289 049/050/051

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand twenty-four.

PRESENT:
>DENNIS JACOBS,
>GERARD E. LYNCH,
>JOSEPH F. BIANCO,
>>*Circuit Judges.*

_____

ENA MARITZA MARQUEZ-MARTINEZ,
FRANKLIN JAVIER MEDINA-
MARQUEZ, DANIEL ALEXANDER
ROMERO-MARQUEZ,
>*Petitioners,*

v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>*Respondent.*

22-6117
NAC

_____

**FOR PETITIONERS:**        Rosemarie A. Barnett, Law Office of
Rosemarie Barnett, PLLC, Freeport, NY.

**FOR RESPONDENT:**        Brian M. Boynton, Principal Deputy Assistant
Attorney General; Shelley R. Goad, Assistant
Director; Julia J. Tyler, Senior Litigation
Counsel, Office of Immigration Litigation,
United States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Ena Maritza Marquez-Martinez and her children, natives and citizens of El Salvador, seek review of a February 11, 2022, decision of the BIA affirming an April 30, 2019, decision of an Immigration Judge ("IJ") denying their applications for asylum and withholding of removal.[1]  *In re Ena Maritza Marquez-Martinez, et al.*, Nos. A209 289 049/050/051 (B.I.A. Feb. 11, 2022), *aff'g* Nos. A209 289 049/050/051 (Immig. Ct. N.Y. City Apr. 30, 2019).  We assume the parties' familiarity with the underlying facts and procedural history.

---

[1] We do not address Petitioners' claim for relief under the Convention Against Torture because they do not argue it on appeal.  *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)).

Under the circumstances, we have reviewed the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review the agency's factual findings for substantial evidence and questions of law and application of law to fact de novo. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Marquez-Martinez alleges that gang members in El Salvador repeatedly threatened and extorted her, and that she was afraid to attend church as often as usual after the gang threatened her. Based on these allegations she asserted past persecution and a fear of future persecution based on four particular social groups: (1) Salvadorans who are against paying a tax to a quasi-governmental entity; (2) Salvadorans who are asked to pay compulsory payment levied by the gangs on the individual's income and business; (3) Salvadorans unable to pay for protection from the gangs; and (4) Christian Salvadoran women unable to attend church.

An applicant for asylum and withholding of removal has the burden to demonstrate past persecution or a well-founded fear (asylum) or likelihood (withholding) of future persecution, and that a protected ground was "one central

3

reason" for the harm. 8 U.S.C. § 1158(b)(1)(B)(i); *see also id*. § 1231(b)(3)(A);

*Quituizaca v. Garland,* 52 F.4th 103, 113–14 (2d Cir. 2022) (applying "one central

reason standard" to withholding of removal). In addition, where, as here, the

alleged and feared harm is from private actors, the applicant also has the burden

to establish that "the government is unable or unwilling to control" the alleged

persecutors. *Singh v. Garland*, 11 F.4th 106, 114 (2d Cir. 2021) (internal quotation

marks omitted); *see also Scarlett v. Barr*, 957 F.3d 316, 331 (2d Cir. 2020) ("An

applicant seeking to establish persecution based on the violent conduct of a private

actor . . . must show that the government [1] condoned the private actions or [2] at

least demonstrated a complete helplessness to protect the victims." (internal

quotation marks and brackets omitted)).

In addition to denying relief for failure to establish a nexus to a protected

ground, the IJ made an alternative, dispositive finding that Marquez-Martinez had

no evidence that the Salvadoran authorities would be unwilling or unable to

protect her. Even assuming Marquez-Martinez's cursory recognition of this issue

on appeal does not constitute abandonment, *see Debique v. Garland*, 58 F.4th 676,

684 (2d Cir. 2023), she does not sufficiently establish with evidence that the

Salvadoran authorities would be unwilling or unable to protect her. Accordingly,

4

we deny the petition. Moreover, as discussed below, even absent this dispositive finding, we find no error in the IJ's conclusion that Marquez-Martinez failed to establish that she faces persecution on account of a protected ground.

To constitute a particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Paloka*, 762 F.3d at 196 (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). A social group lacks the required particularity where it is made up of "a potentially large and diffuse segment of society." *Matter of S-E-G-*, 24 I. & N. Dec. 579, 585 (B.I.A. 2008); *see also Paloka*, 762 F.3d at 196. A proposed social group fails the social distinction test if the evidence does not demonstrate that the group would be perceived as a group by society. *Paloka*, 762 F.3d at 196. There must also be some evidence that the persecutors were motivated to harm the applicant because of the applicant's membership in the group. *Id.* at 196–97 ("Whether the requisite nexus exists depends on the views and motives of the persecutor." (internal quotation marks omitted)); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (requiring "*some* evidence" of motive, "direct or circumstantial"). There may be "more than one motive for mistreatment, as long as at least one central

5

reason for the mistreatment is on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (internal quotation marks omitted).

Marquez-Martinez's proposed social groups—Salvadorans against paying a tax to a quasi-governmental entity, who are asked to make compulsory payments to gangs from the individual's income and business, and who are unable to pay for protection from the gangs—relate to wealth and refusal or inability to pay the gang. The agency reasonably concluded that Marquez-Martinez failed to establish how these groups satisfied the particularity and social distinction requirements as she did not show that the groups were defined by more than the harm suffered. *See Paloka*, 762 F.3d at 198 (distinguishing "between individuals threatened by state-sponsored or state-condoned criminality on account of their membership in a particular social group and individuals threatened only because they live in a country with pervasive criminality" and reiterating that "a particular social group is not cognizable merely because members have been subjected to harm" (internal quotation marks omitted)). People who resist gang recruitment efforts or extortion demands in El Salvador generally "are not in a substantially different situation from anyone else in that country who has crossed the gang, or who is perceived to be a threat to the gang's interests." *Quintanilla-Mejia v.*

6

*Garland*, 3 F.4th 569, 589 (2d Cir. 2021) (internal quotation marks and brackets omitted). Indeed, "[w]hen the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the [Immigration and Nationality Act]." *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007). While Marquez-Martinez argues that her small business made her visible in the community, "the basis of the group is still premised on wealth, or the perception of wealth, rather than a particularized social status." *Lopez-Mendoza v. Holder*, 564 F. App'x 635, 636 (2d Cir. 2014) (summary order).

To the extent Marquez-Martinez argues that the IJ failed to consider whether she was persecuted due to an imputed political opinion for refusing to pay the gang, her argument is misplaced. The IJ rejected this argument, reasoning that Marquez-Martinez failed to establish that the gang members were motivated to extort her because of an actual or imputed political opinion. Moreover, "disapproving of things that have a negative impact on one's life or even one's country does not necessarily amount to a *political* opinion." *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 201 (2d Cir. 2021).

For similar reasons, Marquez-Martinez's final proposed social group of Christian Salvadoran women unable to attend church fails the nexus requirement. She testified only that the extortion made her afraid to attend; she did not identify facts to support her speculation that the gang targeted her for extortion because she was a Christian. *See Elias-Zacarias*, 502 U.S. at 483. Additionally, Marquez-Martinez's country conditions evidence reflects that gang-related violence and extortion are widespread problems in El Salvador, but that evidence does not indicate that Christians are targeted more frequently than others or because of their religion.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court