21-6567
*Mansurov v. Garland*

BIA
Brennan, IJ
A097 524 268

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of April, two thousand twenty-four.

PRESENT:
>   RICHARD J. SULLIVAN,
>   WILLIAM J. NARDINI,
>   MARIA ARAÚJO KAHN,
>       *Circuit Judges.*

_____

FIRUZ MANSUROV,
>       *Petitioner*,

>   v.                                                    21-6567
                                                          NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>       *Respondent*.

_____

**FOR PETITIONER:**     Matthew L. Guadagno, Law Office of Matthew L. Guadagno, New York, NY.

**FOR RESPONDENT:**     Brian Boynton, Principal Deputy Assistant Attorney General; Jonathan A. Robbins, Assistant Director; Erik R. Quick, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Firuz Mansurov, who was born in the Soviet Union and is now a citizen of Uzbekistan, seeks review of a September 27, 2021 decision of the BIA affirming an October 2, 2018 decision of an Immigration Judge ("IJ") denying his application for withholding of removal and relief under the Convention Against Torture ("CAT").[1]   *In re Firuz Mansurov*, No. A097 524 268 (B.I.A. Sep. 27, 2021),

---

[1] Mansurov was ordered removed under 8 U.S.C. § 1227(a)(1)(B) for overstaying his visa and under § 1227(a)(2)(A)(i) for having a single conviction for a crime involving moral turpitude ("CIMT"). Although there is a jurisdiction-stripping provision in 8 U.S.C. § 1252(a)(2)(C) that limits judicial review of removal orders against certain aliens convicted of CIMTs, that limitation applies where removal is for multiple CIMTs under § 1227 or a single CIMT under § 1182, but not where removal is for a single CIMT under § 1227(a)(2)(A)(i). *See* 8 U.S.C. § 1252(a)(2)(C) ("[N]o court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title.").

*aff'g* No. A097 524 268 (Immigr. Ct. N.Y.C. Oct. 2, 2018).   We assume the parties' familiarity with the underlying facts and procedural history.

In his application, Mansurov alleged that, because of his Tajik ethnicity, the Uzbek government forced him to "hand over" his business, killed his brother for resisting that demand, and subsequently interrogated and beat him during a one-night detention.   Certified Admin. Record at 341.   The agency determined that Mansurov was not credible and denied his application.   In his petition, Mansurov does not challenge the agency's adverse credibility determination; he instead requests remand for the agency to consider whether there is a "pattern or practice" of persecution of Tajiks in Uzbekistan.

We decline to remand on the pattern-or-practice claim because Mansurov did not raise such a claim before the agency.   *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (explaining that issue exhaustion is a mandatory claim-processing rule "that a court must enforce . . . if a party properly raises it" (internal quotation marks omitted)).   An applicant can show eligibility for withholding of removal by establishing that he likely will be "singled out individually" for persecution or that there is a "pattern or practice" of persecution of similarly situated people.   8 C.F.R. § 1208.16(b)(2).   Mansurov argues that the

3

BIA failed to consider his "pattern or practice" claim, which is independent of his credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). But Mansurov did not argue such a claim before the IJ, and despite the IJ's decision stating that no such claim was raised, Mansurov still did not assert a pattern or practice claim on appeal to the BIA or cite country conditions evidence to establish such a claim. Given Mansurov's failure to adequately raise this claim below, we cannot consider it here. *See Ud Din*, 72 F.4th at 419–20.

Nor did Mansurov preserve a challenge to the agency's adverse credibility determination, which he failed to raise in his briefing to us. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)). The adverse credibility determination is therefore dispositive of Mansurov's claims for withholding of removal and CAT relief. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

4

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court