Robalino-Castillo v. Garland

BIA
Factor, IJ
A208 508 968

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of June, two thousand twenty-four.

PRESENT:
> JON O. NEWMAN,
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
>> *Circuit Judges.*

_____

JOSE OCTAVIANO ROBALINO-CASTILLO,

> *Petitioner*,

> v.                                                              **22-6320**
>                                                                 **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

_____

**FOR PETITIONER:**                    Gary J. Yerman, Esq., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division; Shelley R. Goad, Assistant Director; Lisa Morinelli, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jose Octaviano Robalino-Castillo, a native of Ecuador and a citizen of Ecuador and Spain, seeks review of a June 14, 2022, decision of the BIA dismissing his appeal of a May 16, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jose Octaviano Robalino-Castillo*, No. A 208 508 968 (B.I.A. June 14, 2022), *aff'g* No. A 208 508 968 (Immig. Ct. N.Y. City May 16, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Robalino-Castillo alleged past persecution and a fear of future persecution from relatives who wanted his family's land. The IJ denied relief on multiple, alternative grounds, finding both that Robalino-Castillo did not identify a cognizable particular social group and that he did not establish that Ecuadorian

authorities were unable or unwilling to protect him.   Robalino-Castillo had the burden to establish both elements.   *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *Singh v. Garland*, 11 F.4th 106, 114–15 (2d Cir. 2021).

We have reviewed only the BIA's decision because the BIA did not reach the merits of the IJ's decision, but instead found that Robalino-Castillo waived his CAT claim and waived a dispositive basis for asylum and withholding of removal by only challenging the social group finding on appeal.   *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).   We review questions of law de novo.   *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We deny the petition because, as the Government argues, the only issue Robalino-Castillo raises here—that the IJ erred in finding that he failed to show Ecuadorian authorities were unable or unwilling to protect him—was not exhausted before the BIA.   We "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."   8 U.S.C. § 1252(d)(1).   Exhaustion of issues is "mandatory in the sense that a court must enforce the rule if a party properly raises it."   *Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (quotation marks omitted); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 419, 423 (2023).   Robalino-Castillo has abandoned

3

all other issues, including any challenge to the BIA's conclusion that he waived the unable or unwilling to protect finding, by failing to argue them here. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court