23-6239
Vera-Villa v. McHenry

BIA
A096 434 293

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty-five.

PRESENT:
PIERRE N. LEVAL,
GERARD E. LYNCH,
STEVEN J. MENASHI,
*Circuit Judges.*

_____

CESAR GUILLERMO VERA-VILLA,
*Petitioner*,

v.                                                      **23-6239**
                                                        **NAC**
JAMES R. MCHENRY III, ACTING
UNITED STATES ATTORNEY
GENERAL,
*Respondent.* *

_____

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General James R. McHenry III is automatically substituted for former Attorney General Merrick B. Garland as Respondent.

**FOR PETITIONER:**         Mercedes Altman, Westbury, NY.

**FOR RESPONDENT:**         Brian M. Boynton, Principal Deputy Assistant Attorney General; Lindsay B. Glauner, Senior Litigation Counsel; Jennifer P. Williams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Cesar Guillermo Vera-Villa, a native and citizen of Ecuador, seeks review of a February 8, 2023, decision of the BIA denying his motion to reopen and terminate his removal proceedings. *In re Cesar Guillermo Vera-Villa*, No. A 096 434 293 (B.I.A. Feb. 8, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We deny the petition because Vera-Villa has not shown that the BIA abused its discretion. *See Li Chen v. Garland*, 43 F.4th 244, 249 (2d Cir. 2022) (reviewing denial of motion to reopen for abuse of discretion).

First, as the Government points out, Vera-Villa has abandoned a dispositive basis for the BIA's denial of his motion because he does not challenge its conclusion that his 2021 motion was untimely to reopen proceedings that were

2

administratively final in 2019. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (setting 90-day deadline for motions to reopen); *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

Second, even absent the time-bar ruling, Vera-Villa's challenge to the agency's jurisdiction over his removal proceedings fails. In *Pereira v. Sessions*, the Supreme Court held that the Immigration and Nationality Act unambiguously requires a notice to appear ("NTA") to include a hearing time and place to trigger the "stop-time rule," 585 U.S. 198, 208–19 (2018), which cuts off the accrual of physical presence or residence for the purposes of qualifying for cancellation of removal, *see* 8 U.S.C. § 1229b(a), (b), (d)(1). Then in *Niz-Chavez v. Garland*, the Supreme Court held that, for purposes of the "stop-time" rule, a hearing notice is insufficient to cure a defect in an NTA. 593 U.S. 155, 160–71 (2021). Vera-Villa argued before the agency—and again here—that his NTA, which did not include the hearing information, was insufficient to vest jurisdiction with the immigration judge. However, the stop-time rule is not relevant in his case, and his jurisdictional argument is foreclosed: an NTA that does not state the time and place of an initial hearing is sufficient to vest jurisdiction where a subsequent hearing notice

3

provides the missing information. *Banegas Gomez v. Barr*, 922 F.3d 101, 110–12 (2d Cir. 2019); *see also Chery v. Garland*, 16 F.4th 980, 987 (2d Cir. 2021) ("*Banegas Gomez* remains good law even after the Supreme Court's opinion in *Niz-Chavez*."). Here, a hearing notice was sent to Vera-Villa, and he appeared at his hearings.

Finally, we lack jurisdiction to consider Vera-Villa's request that we determine his eligibility for an exercise of prosecutorial discretion by the Department of Homeland Security. *See* 8 U.S.C. § 1252(a)(1) (providing courts of appeals jurisdiction to review removal orders), (g) ("Except as provided in [§ 1252] and notwithstanding any other provision of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action . . . to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4