*Aucacama-Azogue v. Bondi*

BIA
Ling, IJ
A220 999 452/453/454/455/456

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of July, two thousand twenty-five.

PRESENT:
> JON O. NEWMAN,
> WILLIAM J. NARDINI,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

ELVA ESPERANZA AUCACAMA-
AZOGUE, P. A. H.-A., S. J. H.-A., L. D. H.-
A., S. B. H.-A.,*
> *Petitioners,*

> **v.**                                                           **23-7165**

_____

* We have used only initials to refer to the minor petitioner in this publicly accessible order, in accordance with Federal Rule of Civil Procedure 5.2(a)(3) and Federal Rule of Appellate Procedure 25(a)(5).

**PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,**
        *Respondent.*

_____

FOR PETITIONERS:        Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT:        Brian Boynton, Principal Deputy Assistant Attorney General; Justin R. Markel, Senior Litigation Counsel; Paul Fiorino, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Elva Esperanza Aucacama-Azogue and her minor children, natives and citizens of Ecuador, seek review of an August 23, 2023, decision of the BIA affirming a May 19, 2022, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Elva Esperanza Aucacama-Azogue, et al.*, Nos. A220 999 452/453/454/455/456 (B.I.A. Aug. 23, 2023), *aff'g* Nos. A220 999 452/453/454/455/456 (Immig. Ct. N.Y. City May 19, 2022). We assume the parties'

familiarity with the underlying facts and procedural history.

Because the BIA affirmed the IJ's decision without opinion, we have reviewed the IJ's decision. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). "We review the agency's factual findings . . . under the substantial evidence standard" and "[w]e review *de novo* questions of law and the application of law to fact." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We find no error in the agency's dispositive conclusions that Aucacama-Azogue failed to establish either that the Ecuadorian government was unable or unwilling to protect her from individuals who extorted and threatened her and her family, or that the government would acquiesce to her torture.

## I.     Asylum and Withholding of Removal

An applicant for asylum and withholding of removal must establish either past persecution or a fear of future persecution and "that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 105–06

3

(2d Cir. 2022) (holding that "one central reason" standard applies to claims for both asylum and withholding of removal). When an applicant does not demonstrate past persecution, she retains the burden to "present credible testimony that [she] subjectively fears persecution and establish that [her] fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1). An applicant also must prove "a sufficiently strong nexus" between the suffered or feared harm and a protected ground. *Rodas Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010). "To qualify as 'persecution' the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private individuals whom the government is 'unable or unwilling to control.'" *Jagdeep Singh v. Garland*, 11 F.4th 106, 114 (2d Cir. 2021) (quoting *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020)).

Aucacama-Azogue has abandoned review of the IJ's conclusion that she and her family's past harm did not rise to the level of persecution because she does not challenge that finding here. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes

4

abandonment." (quotation marks omitted)).

Aucacama-Azogue therefore had the burden of establishing future persecution. *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1). She did not satisfy that burden, because she did not demonstrate that the government was unable or unwilling to protect her. *See Jagdeep Singh*, 11 F.4th at 114–15. "Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims." *Id.* (quotation marks omitted). Aucacama-Azogue argues here that "the police [were] either too corrupt or too scared to help," Petitioner's Br. at 7, but she never reported any incidents to the police. Although a failure to report does not preclude a finding that the authorities were unable or unwilling to protect, she does not cite country conditions evidence to support this assertion, and a review of the evidence in the record does not establish that Ecuadorian authorities would ignore her complaints. *See Jagdeep Singh*, 11 F.4th at 115 (requiring some proof that government was unable or unwilling to intervene); *Scarlett*, 957 F.3d at 331 ("the unwilling-or-unable standard requires an applicant to show more than government failure to act on a particular report of an

5

individual crime, or difficulty controlling private behavior." (quotation marks and brackets omitted)); *In re C-G-T-*, 28 I. & N. Dec. 740, 743 (BIA 2023) ("[F]ailure to report harm is not necessarily fatal to a claim of persecution if the applicant can demonstrate that reporting private abuse to government authorities would have been futile or dangerous." (quotation marks and citation omitted)); *Castellanos-Ventura v. Garland*, 118 F.4th 250, 254 (2d Cir. 2024) (holding that agency reasonably relied in part on a petitioner's failure to report, but remanding to BIA in part because it failed to consider whether reporting would have been futile or dangerous for abused child to seek protection from authorities). The record includes general evidence of crime, government corruption, and discrimination against indigenous people and violations of their rights, but also evidence that the Ecuadorian government is prosecuting some crimes against indigenous people. Given the absence of specific evidence that the police would not intervene, and the country conditions evidence of some ability and willingness of authorities to prosecute crimes, the agency did not err in concluding that Aucacama-Azogue failed to establish that the government was or would be unable or unwilling to protect her and her family. *See Jagdeep Singh*, 11 F.4th at 114–15.

## II. CAT

A CAT applicant has the burden to show she will "more likely than not" be tortured, and that such torture would be by, or at the instigation of, or with the consent or acquiescence of a public official. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). To establish acquiescence to torture, the applicant must show that "the public official, prior to the activity constituting torture, [will] have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Id.* § 1208.18(a)(7); *see Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004) ("[T]orture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it.").

Aucacama-Azogue challenges the IJ's denial of CAT relief on several grounds, but we are unpersuaded by her arguments. To begin with, contrary to Aucacama-Azogue's argument here, the IJ considered, and denied, her CAT claim on the merits. Moreover, her assertion that she did not have to establish government acquiescence to prevail under the CAT, but needed to show only that the government was unwilling or unable to assist her, is both mistaken and insufficiently argued. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir.

2005) (deeming claim abandoned where brief "devote[d] only a single conclusory sentence to" it). The CAT regulations explicitly require government involvement or acquiescence, which is distinct from the unable-or-unwilling-to-protect standard for asylum and withholding of removal. *See* 8 C.F.R. § 1208.18(a)(1); *Scarlett*, 957 F.3d at 336 (remanding for agency to address "how the 'unable' prong of the unwilling-or-unable standard, as applicable to withholding claims, might translate to identifying government acquiescence in torture"). Aucacama-Azogue also states, without citation to the record, that the Ecuadorian government "did nothing but exacerbate the issue." Petitioner's Br. at 11. Review of the record reveals no testimony or evidence to support such a claim; to the contrary, she said that the authorities were never contacted or involved. *See* Cert. Admin. R. ("CAR") at 143-44.

We conclude that substantial evidence supports the agency's denial of CAT relief. Aucacama-Azogue said she did not report her robbery, extortion, threats, or discrimination to the police. The record includes general evidence of crime levels and government corruption in Ecuador, and evidence of discrimination against indigenous people, including housing and job discrimination, disparities in access to education and healthcare, and violations of their civil rights. But it

also reflects that the Ecuadorian government is prosecuting some crimes against indigenous people, and that the Ecuadorian constitution explicitly recognizes the rights of indigenous communities. *See, e.g.*, CAR at 187-237. Such general evidence is insufficient to compel a conclusion that Aucacama-Azogue and her family are more likely than not to be tortured. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021) (holding that a petitioner cannot secure relief simply "by pointing to conflicting evidence that might support—but not compel—a different conclusion").

### III. Attorney Michael Borja

A copy of this order will be forwarded to this Court's Grievance Panel for consideration of the following issues with the brief.

First, the brief makes factual allegations that are not supported by the record. For example, it references nonexistent testimony that Aucacama-Azogue was called a "dirty Indian," alleges that there were savage bearings, and states that the IJ failed to consider the CAT claim. *See* Petitioner's Br. at 4, 7, 11. Second, Mr. Borja argues, as he has in other cases, that the nexus requirement for withholding of removal is less stringent than that for asylum. To the contrary, it is well-settled in this Circuit that the "one central reason" standard also applies to

9

withholding of removal, *see Quituizaca*, 52 F.4th at 109–14, and we have rejected this argument in other cases filed by Mr. Borja, *see, e.g.*, *Chamba-Alvarez v. Garland*, No. 21-6072, 2023 WL 6439401 at *1 & n.1 (2d Cir. Oct. 3, 2023) (summary order); *Acero-Guaman v. Garland*, No. 21-6606, 2024 WL 1734054 at *1 (2d Cir. Apr. 23, 2024) (summary order). Third, Mr. Borja repeats arguments he has raised in other briefs that are either not relevant or are insufficiently argued, including an assertion, contrary to the language of the regulations, that the agency erred in requiring government involvement or acquiescence to state a CAT claim. *See* 8 C.F.R. § 1208.18(a)(1).

For the foregoing reasons, the petition for review is DENIED. A copy of this order will be forwarded to this Court's Grievance Panel. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

10