24-2488-cv
*United States v. Rauda-Lopez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of September, two thousand twenty-five.

Present:

> MICHAEL H. PARK
> WILLIAM J. NARDINI
> *Circuit Judges*,
> STEFAN R. UNDERHILL
> *District Judge.*[1]

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                   24-2488-cv

RAFAEL RAUDA-LOPEZ,

> *Defendant-Appellant.*

_____

| | |
|---|---|
| For Appellee: | CHARLES P. KELLY (Saritha Komatireddy, *on the brief*), Assistant United States Attorneys, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY. |

_____

[1] Judge Stefan R. Underhill, of the United States District Court for the District of Connecticut, sitting by designation.

For Defendant-Appellant: WILLIAM MOSS, Appeals Fellow (Daniel Habib, Attorney-in-Charge, *on the brief*), Federal Defenders of New York, Inc., Appeals Bureau, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Rafael Rauda-Lopez appeals from a judgment entered on September 13, 2024, convicting him following a guilty plea of one count of illegal reentry, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). The parties agreed below that Rauda-Lopez was subject to a 20-year maximum prison term under § 1326(b)(2) because his prior conviction for second-degree sexual abuse of a minor in violation of New York Penal Law § 130.60(2) qualified as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(A). The district court accepted this conclusion and sentenced Rauda-Lopez to 36 months in prison, followed by three years of supervised release. In his opening brief on appeal, Rauda-Lopez argued (contrary to the position he took in the district court) that his conviction under NYPL § 130.60(2) is not an aggravated felony. Although we held in *Debique v. Garland*, 58 F.4th 676 (2d Cir. 2023), that NYPL § 130.60(2) is categorically an offense constituting "sexual abuse of a minor" under § 1101(a)(43)(A), Rauda-Lopez contended that we were no longer bound by *Debique*. In his view, *Debique* was improperly premised on deference to the Board of Immigration Appeals's interpretation of "sexual abuse of a minor," pursuant to *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). The Supreme Court subsequently held in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369

2

(2024), that such judicial deference to agency interpretations is unwarranted. Rauda-Lopez contended that, now freed from applying *Chevron* deference, we should abandon *Debique* and hold that NYPL § 130.60(2) does not constitute "sexual abuse of a minor."

Assuming for the purposes of this appeal that Rauda-Lopez has not waived his claim, it is reviewable only for plain error under Federal Rule of Criminal Procedure 52(b). *See United States v. Guldi*, 141 F.4th 435, 450 (2d Cir. 2025). To demonstrate plain error, a defendant must show "(1) error, (2) that is plain, and (3) that affects substantial rights." *Johnson v. United States*, 520 U.S. 461, 466–67 (1997).[2] Even then, this Court will reverse only if "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 467.

Rauda-Lopez's claim is foreclosed by our recent decision in *Garcia Pinach v. Bondi*, No. 22-6421, 2025 WL 2205351 (2d Cir. Aug. 4, 2025). In that case, we reaffirmed the continuing validity of *Debique* and concluded that "quite independent of *stare decisis,* the prior-panel rule, and *Chevron* deference, we remain persuaded that a violation of NYPL § 130.60(2) constitutes 'sexual abuse of a minor' for purposes of [] § 1101(a)(43)(A)." *Id.* at *11. Following that decision, both parties submitted supplemental briefing in the present appeal, and both now take the position that the district court did not plainly err in light of our holding in *Garcia Pinach*. We agree. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

3