23-7236
*Peralta Carpio v. Bondi*

BIA
Chung, IJ
A220 328 707/220 956 153

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand twenty-five.

PRESENT:
>RICHARD J. SULLIVAN,
>WILLIAM J. NARDINI,
>EUNICE C. LEE,
>>*Circuit Judges.*

_____

JESSICA FLORENCIA PERALTA
CARPIO, S. V. GUAMAN PERALTA,
>*Petitioners*,

v.

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
>*Respondent.**

23-7236
NAC

_____

_____

* The Clerk of the Court is respectfully directed to amend the caption as set forth above.

| **FOR PETITIONERS:** | Steven Haskos, Relles Law, PLLC, White Plains, NY. |
|---|---|
| **FOR RESPONDENT:** | Brian Boynton, Principal Deputy Assistant Attorney General; Nancy E. Friedman; Paul Fiorino, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Jessica Florencia Peralta Carpio and her minor child, natives and citizens of Ecuador, seek review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying Peralta Carpio's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] *In re Jessica Florencia Peralta Carpio*, Nos. A 220 328 707/220 956 153 (B.I.A. Sep. 1, 2023), *aff'g* Nos. A 220 328 707/220 956 153 (Immigr. Ct. N.Y.C. Feb. 24, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

---

[1] We do not address the CAT claim because Peralta Carpio does not raise it here. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023).

We review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence, and we review questions of law and the application of law to fact *de novo*. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "We treat factual findings as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

An applicant has the burden of proving eligibility for asylum. 8 C.F.R. § 1208.13(a). To do so, she must show that she "is unable or unwilling to return to [her] home country" because of "persecution or a well-founded fear of [future] persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Pinel-Gomez v. Garland*, 52 F.4th 523, 528 (2d Cir. 2022) (second alteration in original) (quoting 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i)). To establish a "well-founded fear," an applicant must "demonstrate a subjective fear of future persecution that is objectively reasonable." *Liang v. Garland*, 10 F.4th 106, 112 (2d Cir. 2021) ("[W]hen an alien has already endured persecution once, a well-founded fear of future persecution is presumed, and it becomes the government's burden to rebut that presumption."). The applicant must also show that "race, religion, nationality,

3

membership in a particular social group, or political opinion was or will be at least one central reason for persecuting [her]." 8 U.S.C. § 1158(b)(1)(B)(i); *id.* § 1231(b)(3)(A); 8 C.F.R. § 1208.13(b); *see Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal).

In addition, an applicant must prove "a sufficiently strong nexus" between the suffered or feared harm and a protected ground. *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010). "Whether the requisite nexus exists depends on the views and motives of the persecutor." *Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014) (internal quotation marks omitted). "To succeed on a particular social group claim, the applicant must establish . . . that the alleged persecutors targeted the applicant 'on account of' her membership in that group." *Id.* at 195 (citation omitted) (quoting 8 U.S.C. § 1101(a)(42)(A)). And an applicant "must provide *some* evidence" – "direct or circumstantial" – to establish the persecutor's motive. *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992).

Here, substantial evidence supports the agency's determination that Peralta Carpio failed to establish a nexus between her proposed social group of "Ecuadorian women who do not have a male presence in the home," Cert. Admin.

4

R. at 4, and the alleged harm she faced in Ecuador. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, h[er] failure to adduce evidence itself can constitute the 'substantial evidence' necessary to support the agency's challenged decision."). Peralta Carpio supplies no evidence that the woman who approached her or the man who followed her and her daughter knew where she lived or that she did not have a male presence in her home. Indeed, the IJ "found these incidents to indicate that the respondent was the unfortunate victim of a random crime – not that the suspicious woman or an unknown man targeted the respondent on account of her being an Ecuadorian woman who does not have a male presence at home." Cert. Admin. R. at 4 (internal quotation marks omitted). The BIA held that finding to be "plausible," *id.*, and so do we.

As discussed above, an applicant "must provide *some* evidence" of her persecutor's motives, either "direct or circumstantial," but Peralta Carpio offers only speculation that these individuals intended to kidnap her daughter or rob her and that they targeted her because she lacked a male presence in the home. *Elias-Zacarias*, 502 U.S. at 483; *see also Paloka*, 762 F.3d at 198 (considering "the perpetrator's mindset [as] the center of attention" when determining a nexus to a

5

protected ground). This speculation is insufficient to show agency error, and absent evidence of a nexus, "general crime conditions" are not a sufficient basis for asylum and withholding of removal. *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999).

Lastly, while Peralta Carpio points to evidence that single women are statistically more likely than other demographics to have been victims of crime, this does not compel a conclusion that she was targeted for lack of a male presence. *See Singh v. Garland*, 11 F.4th 106, 116–17 (2d Cir. 2021) (reasoning that "[a]sylum and other forms of immigration relief are individual remedies designed to avoid persecution inflicted on particular persons," and "[g]eneral country-conditions evidence does not on its own compel the conclusion that an individual will be persecuted").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left:40%">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>