Minagua-Yaucan v. Bondi

BIA
Burnham, IJ
A220 999 430/431/432/433

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of January, two thousand twenty-six.

PRESENT:
PIERRE N. LEVAL,
ALISON J. NATHAN,
MARIA ARAÚJO KAHN,
*Circuit Judges.*

_____

FELIX IVAN MINAGUA-YAUCAN,
OLGA MARIA VILLA-AULLA, M.J.M-V.,
E.S.M-V.,*
    *Petitioners,*

    **v.**                         **23-7691**
                                         **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,

---

* We have used only initials to refer to the minor petitioners in this publicly accessible order, in accordance with Federal Rule of Civil Procedure 5.2(a)(3) and Federal Rule of Appellate Procedure 25(a)(5).

*Respondent.*

_____

**FOR PETITIONERS:** Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Tracie N. Jones, Trial Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Felix Ivan Minagua-Yaucan, Olga Maria Villa-Aulla, and their minor children, natives and citizens of Ecuador, seek review of an October 12, 2023, decision of the BIA affirming a December 12, 2022, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Felix Ivan Minagua-Yaucan, et al.*, Nos. A220 999 430/431/432/433 (B.I.A. Oct. 12, 2023), *aff'g* Nos. A220 999 430/431/432/433 (Immigr. Ct. N.Y.C. Dec. 12, 2022). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan*

*Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "We review questions of law and application of law to fact *de novo* and factual findings for substantial evidence." *KC v. Garland*, 108 F.4th 130, 134 (2d Cir. 2024). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Petitioners have abandoned their claims by not challenging the dispositive grounds for the agency's denial of relief. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks and citation omitted)).

To establish eligibility for asylum and withholding of removal, Petitioners had to show past persecution or a fear of future persecution and that a protected ground "was or will be at least one central reason" for the persecution. 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard also applies to withholding of removal). "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011)

3

(quotation marks omitted). The harm must rise above "mere harassment," *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006), and generally, "threats of persecution, no matter how credible, do not demonstrate past persecution," *Huo Qiang Chen v. Holder*, 773 F.3d 396, 406 (2d Cir. 2014).

Absent past persecution, Petitioners had the burden to show an "objectively reasonable" fear of future persecution. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). A fear may be well-founded "even if there is only a slight, though discernible, chance of persecution." *Diallo v. I.N.S.*, 232 F.3d 279, 284 (2d Cir. 2000). But absent "solid support in the record" a "fear is speculative at best." *Jian Xing Huang v. U.S. I.N.S.*, 421 F.3d 125, 129 (2d Cir. 2005). And for CAT relief, Petitioners had to establish they would "more likely than not" be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).

Petitioners' brief does not meaningfully challenge the agency's findings that the discrimination and abuse Minagua-Yaucan and Villa-Aulla suffered on account of their race did not rise to the level of persecution, that Minagua-Yaucan's abuse by a gang was not on account of a protected ground, that the country

4

conditions evidence did not demonstrate a pattern or practice of persecution of indigenous people, and that Minagua-Yaucan did not show that gang members had a continued interest in targeting him for persecution or torture. Accordingly, Petitioners have abandoned challenges to dispositive grounds for the agency's denial of relief. *See Debique*, 58 F.4th at 684.

The brief consists of conclusory statements without citation to legal authority or factual support in the record. Fed. R. App. P. 28(a)(8) (requiring that an appellant's brief contain arguments "with citations to the authorities and parts of the record on which the appellant relies"); *see Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (finding a petitioner's "single conclusory sentence" insufficient to raise an argument). Moreover, the brief misstates the facts and law, such as erroneously stating that asylum was denied as time-barred, and it uses language identical to that in other briefs filed by counsel Michael Borja to make unsupported factual allegations that misconstrue the record in this case, e.g., by erroneously stating that the record shows that Petitioners were "savagely beaten multiple times" or that "the government did nothing but exacerbate the issue."

Finally, counsel raises arguments that we have rejected in some of his prior cases. He erroneously argues that the nexus requirement for withholding is less

stringent than that for asylum. *See, e.g.*, *Acero-Guaman v. Garland*, No. 21-6606, 2024 WL 1734054, at *1 (2d Cir. Apr. 23, 2024) (summary order); *Guerrero-Andachz v. Bondi*, No. 23-7943, 2025 WL 2810831, at *1 n.2 (2d Cir. Sept. 30, 2025) (summary order). As explained above, this is a misstatement of law. *See Quituizaca*, 52 F.4th at 109–14. He additionally reiterates an unsupported argument that "the Ecuadorian government does not have to acquiesce, or condone" torture. *See, e.g.*, *Aucacama-Azogue v. Bondi*, No. 23-7165, 2025 WL 2078445, at *3 (2d Cir. July 24, 2025) (summary order); *Ortega-Garcia v. Bondi*, No. 23-7162, 2025 WL 2504616, at *2 (2d Cir. Sept. 2, 2025) (summary order).

Given the defects in briefing by petitioners' counsel, Michael Borja, a copy of this order will be forwarded to the Grievance Panel.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6