23-8048
*Arqui-Malan v. Bondi*

BIA
Ling, IJ
A240 476 646/647/648

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of February, two thousand twenty-six.

PRESENT:
> **RICHARD J. SULLIVAN,**
> **MYRNA PÉREZ,**
> **ALISON J. NATHAN,**
> > *Circuit Judges.*

_____

**MARIA MARTHA ARQUI-MALAN, J.D.C.A., G.D.C.A.,**
> *Petitioners,*

v.

**PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.* *

_____

23-8048

NAC

---

* The Clerk of Court is respectfully directed to amend the caption accordingly.

**FOR PETITIONERS:**     Reuben S. Kerben, Esq., Kerben Law Firm, P.C., Kew Gardens, NY.

**FOR RESPONDENT:**     Brian Boynton, Principal Deputy Assistant Attorney General; Sheri R. Glaser, Senior Litigation Counsel; Zachary S. Hughbanks, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Maria Martha Arqui-Malan and her children, natives and citizens of Ecuador, seek review of a November 17, 2023, decision of the BIA affirming a June 14, 2023, decision of an Immigration Judge ("IJ") denying Arqui-Malan's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Maria Martha Arqui-Malan*, Nos. A240 476 646/647/648 (B.I.A. Nov. 17, 2023), *aff'g* Nos. A240 476 646/647/648 (Immig. Ct. N.Y.C. June 14, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We review the agency's factual findings for substantial evidence and questions of law *de novo*. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir.

2

2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "Because the BIA adopted and affirmed the IJ's decision, we review the two decisions in tandem." *Yanqin Weng*, 562 F.3d at 513 (citing *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005)).

The agency did not err in finding that Arqui-Malan "has failed to show the requisite nexus to a protected ground," namely that she failed to establish that the harm she suffered and continues to fear was or would be on account of her political opinion. CAR 40. She consistently asserts—and the record reflects—that her neighbor targeted her because he wanted to date her, that he had mental health and addiction issues, and that the police did not intervene because of his mental health issues. Thus, Arqui-Malan did not allege facts that showed her neighbor targeted her, or that the police refused to assist her, because of a political opinion that she held. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) ("But since the statute makes motive critical, he must provide *some* evidence of it, direct or circumstantial."); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (holding that an asylum "applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's

3

political belief"). In sum, Arqui-Malan did not satisfy her burden for establishing a claim for asylum or withholding of removal because she failed to show an objectively reasonable fear of future persecution on account of her political opinion. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

Additionally, Arqui-Malan did not raise any CAT claim in the instant appeal, and has therefore abandoned it. *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("'We consider abandoned any claims not adequately presented in an appellant's brief,' and an appellant's failure to make 'legal or factual arguments' constitutes abandonment." (quoting *Schwapp v. Town of Avon*, 118 F.3d 106, 112 (2d Cir. 1997))); *see also* Fed. R. App. P. 28(a)(8)(A).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4