Montano Cali v. Bondi

BIA
Reid, IJ
A220 956 022/023/024

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand twenty-six.

PRESENT:
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

JUAN AGUSTIN MONTANO CALI,
GABRIELA BEATRIZ ORELLANA
SALTO, JORGE ANTONIO MONTANO
ORELLANA,
> *Petitioners,*

v.                                                                       **24-229**
                                                                          **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:           Michael Borja, Esq., Borja Law Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT:         Brian Boynton, Principal Deputy Assistant Attorney General; Andrew N. O'Malley, Senior Litigation Counsel; Sunah Lee, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Juan Agustin Montano Cali, Gabriela Beatriz Orellana Salto, and their minor child, natives and citizens of Ecuador, seek review of a December 26, 2023, decision of the BIA affirming an August 23, 2022, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Juan Agustin Montano Cali, et al.*, Nos. A220 956 022/023/024 (B.I.A. Dec. 26, 2023), *aff'g* Nos. A220 956 022/023/024 (Immigr. N.Y. City Aug. 23, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the findings the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d

2

520, 522 (2d Cir. 2005). We review the agency's factual findings for substantial evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted); *see also* Fed. R. App. P. 28(a)(8)(A) (providing that "the argument" in an appellant's brief "must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Petitioners' brief restates their claims for asylum and withholding of removal without identifying legal or factual errors in the agency's decisions or citing the record. They also argue—without support and contrary to the agency's regulations—that the agency applied an incorrect standard for CAT relief. Thus, they have abandoned review of all forms of relief. *See Debique*, 58 F.4th at 684–85 (finding petitioner abandoned any arguments by failing to "state the issue *and* advance an argument"); *see also, e.g., Aucacama-Azogue*

3

*v. Bondi*, No. 23-7165, 2025 WL 2078445, at *3 (2d Cir. July 24, 2025) (summary order) (noting that Petitioners' attorney, Mr. Borja, has repeatedly argued, "contrary to the language of the regulations, that the agency erred in requiring government involvement or acquiescence to state a CAT claim").

Even deeming Petitioners' conclusory statements sufficient to challenge the agency's denial of asylum and withholding, the agency did not err. An applicant for asylum and withholding of removal has the burden to demonstrate past persecution or a well-founded fear (asylum) or likelihood (withholding) of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion" inflicted by either the government or by private parties that the government is "unable or unwilling to control." *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015) (quotation marks omitted); *see also* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i), 1231(b)(3)(A). "A protected ground cannot be incidental or tangential to another reason for harm." *Quituizaca v. Garland*, 52 F.4th 103, 114–15 (2d Cir. 2022) (quotation marks omitted). The agency was not compelled to conclude that the female petitioner's indigenous ethnicity was one central reason she and her husband were targeted because the circumstances

4

suggested that gang members were motivated by criminal incentives of robbery and retaliation for reporting them to the police. *See id*.

A copy of this order will be forwarded to this Court's Grievance Panel. As explained above, Petitioners' counsel, Michael Borja, fails to sufficiently address dispositive issues in the brief. Further, the brief makes factual allegations that are not supported by the record, such as asserting that Petitioners were assaulted multiple times. Counsel also argues that CAT relief does not require acquiescence, which is an argument he has made in other cases and which we have repeatedly rejected as unsupported and insufficiently argued. *See, e.g., Sinchi-Montalvan v. Garland*, No. 22-6400, 2024 WL 4690813, at *2 (2d Cir. Nov. 6, 2024) (summary order); *Guerrero-Andachz v. Bondi*, No. 23-7943, 2025 WL 2810831, at *2 n.5 (2d Cir. Sept. 30, 2025) (summary order).

For the foregoing reasons, the petition for review is DENIED. A copy of this order will be forwarded to this Court's Grievance Panel. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5